UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VAN JENKINS,

        Plaintiff,

v.

JESSICA GOTHARD et al.,

        Defendants.

_____/

Case No. 2:24-cv-12277

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2) AND SUMMARILY DISMISSING COMPLAINT (ECF No. 1)**

Van Jenkins, proceeding *pro se*, brought this suit against various government and private defendants. He claims that the government owes him a free credit line and must discharge his outstanding debts, and that a cyberattack on Michigan Medicine interfered with his ability to access medical-related accounts. However, as explained below, each of Jenkins's claims are either frivolous or fail to state a claim upon which relief may be granted, so the case must be dismissed.

## I. BACKGROUND

The facts in Jenkins's complaint are hard to parse. He appears to claim that the federal government owes him a "free credit line" but that there is "no money in this country, everything was removed." ECF No. 1 at PageID.4. Jenkins says that under the Banking Act of 1933, 12 U.S.C. § 227 *et seq.*, "the government took all

the gold & silver and left no way to pay debt/debts." ECF No. 1 at PageID.6. Thus, in order to "uphold [the government's] end of the contract," Jenkins requests that the Court "discharge all [his] debts, order the completion of [his] secured party credited trust, and provide the free credit line." *Id.* at PageID.9.

Jenkins also claims that a cyberattack on Michigan Medicine (where he was once a patient) compromised his personal information and prevented him from accessing his accounts and medical records, which caused late fees on certain medical bills he owed. *Id.* at PageID.10–11. However, Jenkins also attaches a letter that Michigan Medicine sent to him about the incident, which states: "Please note your Social Security Number, credit card, debit card or bank account numbers were *not* involved in this incident. We are also not aware that any of your information was misused." *Id.* at PageID.66. He also seemingly claims that the cyberattack obstructed Secretary of the Treasury Janet Yellen from acting as "fiduciary agent" for the Van Jenkins trust, thereby preventing him from receiving hundreds of thousands of dollars. *Id.* at PageID.11.

Based on these facts, Jenkins sues National Debt Relief and one of its employees, the Livonia Police Department and two of its officers, the Ypsilanti Police Department and one of its officers, the University of Michigan Credit Union and one of its employees, and the Michigan Medicine Corporate Compliance Office and one of its employees. ECF No. 1 at PageID.2–3, 5. Jenkins also filed an

application to proceed *in forma pauperis*. ECF No. 2. The application supports his claim of poverty, so it will be granted. However, as explained below, the complaint must be dismissed because it is frivolous and fails to state a claim upon which relief could be granted.

## II. STANDARD OF REVIEW

Because Jenkins proceeds *in forma pauperis*, his claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-prisoner complaints under § 1915(e)(2)). Specifically, the Court must dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

Jenkins also proceeds *pro se*, and so his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, Jenkins is not immune from compliance with the Federal Civil Rules. His complaint must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), one that would "give the defendant fair notice" of what the claim is and the grounds on which it

rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Further, his complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (holding that the Civil Rule 12(b)(6) standard also applies to dismissals under § 1915(e)(2)(B)(ii)).

### III. ANALYSIS

A careful review of the complaint reveals that Jenkins's claims lack any arguable basis in law or fact. *See Clark v. United States*, 74 F. App'x 561, 562–63 (6th Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Jenkins did not point to, nor could the Court locate, any federal statute providing for a "free line of credit" that would allow Jenkins to discharge all of his current debts. Nor is it plausible that Janet Yellen serves as a "fiduciary agent" of Jenkins's trust and is preventing him from collecting hundreds of thousands of dollars. Further, Jones has not pointed to any "late fees" assessed as a result of his medical bills being overdue. *See* ECF No. 1 at PageID.59–61. Nor does his complaint allege specific actions taken by each Defendant, or how such actions caused him a legally redressable harm. Given the lack of facts, the Court also cannot discern any cognizable cause of action. Accordingly, Jenkins's complaint must be dismissed under 28 U.S.C. § 1915(e)(2).

### IV. CONCLUSION

- 4 -

Accordingly, it is **ORDERED** that:

1.  The Application to Proceed Without Prepaying Fees or Costs, ECF No. 2, is

    **GRANTED**;

2.  The Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

3.  Plaintiff is **DENIED** permission to appeal *in forma pauperis* because an

    appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).


                                        */s/Susan K. DeClercq*
                                        SUSAN K. DeCLERCQ
                                        United States District Judge

Dated: 9/10/2024

- 5 -